VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (Cal. Bar No. 111536)
AMY SHAHAN PARIGI (Cal. Bar No. 261948)
RYAN BRICKER (Cal. Bar No. 269100)
PAYMANEH PARHAMI (Cal. Bar No. 335604)
209 Kearny Street, Third Floor
San Francisco, California 94108
Telephone:   (415) 534-0495
Facsimile:   (270) 518-5974
Email:         greg.gilchrist@versolaw.com
                   amy.parigi@versolaw.com
                   ryan.bricker@versolaw.com
                   paymaneh.parhami@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC., | Case No. 2:23-cv-04038 |
| Plaintiff, | **COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND COPYRIGHT INFRINGEMENT** |
| v. | |
| CANDICE HAMBY, | |
| Defendant. | **JURY TRIAL DEMAND** |

This lawsuit seeks to stop Candice Hamby ("Defendant") from counterfeiting, infringing, and misusing Patagonia, Inc.'s ("Patagonia") trademarks. Defendant has sourced, promoted, marketed, offered, and sold apparel products that bear counterfeit replicas of Patagonia's famous trademarks and logos, while falsely representing to consumers that those products are genuine and authorized.  To stop this conduct, Patagonia alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Patagonia is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001.  Patagonia has been designing, developing,

COMPLAINT
CASE NO. 2:23-cv-04038                                                                    - 1 -

and marketing clothing for more than forty years.  Today, Patagonia and the PATAGONIA brand are famous around the world for innovative apparel designs, quality products, and environmental and corporate responsibility.

2.     Candice Hamby is an individual who, on information and belief, resides at 1701 S Fillmore Street, Papillion, Nebraska 68046.  Candice Hamby operates multiple Facebook groups under different seller aliases, identified in the attached **Exhibit A**, through which she offers, promotes, and sells counterfeit Patagonia products online throughout the country.

3.     Patagonia's trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*).  Patagonia's claims for copyright infringement arise from Defendant's infringement of Patagonia's exclusive rights under the United States Copyright Act (17 U.S.C. §§ 101, *et seq.*).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 17 U.S.C. § 501 (copyright), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).

4.     This Court has personal jurisdiction over Defendant because Defendant has purposefully availed herself of doing business in this district. Through Patagonia's investigation, Patagonia has confirmed that Defendant in fact promotes, sells, and ships her counterfeit and infringing products to residents of this district. Defendant has directed her conduct into this district, including by individually targeting Patagonia, a corporation with its principal place of business in this district, by infringing and counterfeiting Patagonia's trademarks.  Defendant also operates interactive websites, including interactive Facebook Groups, that are used to sell her infringing and counterfeit products, and that are accessible by consumers in this district.  Those Facebook Groups are used by Defendant to post advertisements for infringing and counterfeit products, receive orders, and arrange payment and delivery.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(a) because Defendant infringes Patagonia's intellectual property in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

**Patagonia's History**

6. Patagonia was founded in the late 1960s to design and sell climbing clothes and other active sportswear. The company adopted the brand "PATAGONIA" to differentiate a related business that designed and manufactured climbing gear and tools. PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors. Since at least 1973, the PATAGONIA brand has appeared on a multi-colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline (the "P-6 logo").

7. In the nearly-fifty years since Patagonia's business started, the PATAGONIA brand and its P-6 logo have become among the most identifiable brands in the world. Patagonia's products now include a wide range of apparel products and equipment, including T shirts, hoodies, sweatshirts, and fleece, as well as technical products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, which are sold around the world.

8. Over the years, Patagonia has been recognized and honored for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award." In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of organically grown cotton and has continued that use for more than twenty years. It was a founding member of the Fair Labor Association®, which is an independent multi-stakeholder verification and training organization that audits apparel factories. Additionally, since 1985 Patagonia has pledged 1% of sales to environmental groups to preserve and restore

COMPLAINT
CASE NO. 2:23-cv-04038

our natural environment, donating more than $100 million to date. In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet® to encourage other businesses to do the same. Today, more than 1,200 member companies have donated more than $150 million to more than 3,300 nonprofits through 1% For the Planet. In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment. In 2016, Patagonia pledged to donate all revenue from sales on Black Friday, donating $10 million to environmental grantees in response to customers' purchases on that day. In 2018, Patagonia pledged an additional $10 million in grants to environmental groups in response to recent tax cuts given to businesses. Over the course of two weeks in December 2019, Patagonia matched another $10 million in donations to environmental and other grassroots organizations. Patagonia's owners recently donated their holdings in the company to support initiatives and innovations addressing climate change.

**Patagonia's Trademarks**

9. Patagonia owns numerous registrations for its distinctive P-6 logo and PATAGONIA trademark, covering a wide-ranging assortment of products. Among these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing-Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear | 08/1974 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
| | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing- Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, Suspenders, and Belts | 08/1974-1981 |
| | 1775623 / June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |
| **PATAGONIA** | 1811334 / Dec. 14, 1993 | Luggage, back packs, fanny packs and all-purpose sport bags, footwear, ski bags and ski gloves | 08/1990 |
| **PATAGONIA** | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; Providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | 10/1995 |
| **PATAGONIA.COM** | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; Computer services in the nature of on-line information related to the | 10/1995 |

COMPLAINT
CASE NO. 2:23-cv-04038

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
|  |  | environment and clothing |  |
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |
| **PATAGONIA** | 5491401 / June 12, 2018 | Reusable bottles sold empty; insulated containers for food or beverage for domestic use; cups, mugs and growlers | 09/2014 |
| **PATAGONIA** | 5561006 / Sept. 11, 2018 | Stickers; paper banners; fiction and non-fiction books on a variety of topics; posters; non-magnetically encoded gift cards; photographs | 12/1991 |

These registrations for the PATAGONIA mark and logos are in full force and effect. The registrations (with the exception of Reg. No. 5561006) have become incontestable under 15 U.S.C. § 1065. A color image of the P-6 logo follows:



Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks." Patagonia also owns a registered copyright (Registration No. VA 1-801-788) for the P-6 logo.

10. The PATAGONIA trademarks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA trademarks are registered worldwide.

11.  For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademarks are used.  PATAGONIA brand products are advertised in a variety of contexts and media, including in print and on the Internet.  In addition to advertising by Patagonia, the PATAGONIA trademarks are also advertised and promoted and presented at point of sale by numerous retailers.  Consumers, accordingly, are exposed to the PATAGONIA trademarks in a wide range of shopping and post-sale contexts.

12.  Patagonia has sold its PATAGONIA brand products all over the world, including throughout the United States and California.  Through its promotion and investment in its brand and extensive sales, publicity, awards, and leadership in sustainable sourcing practices, Patagonia has acquired enormous goodwill in its PATAGONIA trademarks.  The PATAGONIA trademarks are famous within the meaning of the Trademark Dilution Revision Act, enjoy strong consumer recognition, and are recognized around the world and throughout the United States by consumers as signifying high-quality products made by a responsible company.

**Defendant's Promotion and Sale of Counterfeit Products**

13.  In blatant disregard of Patagonia's rights in the PATAGONIA trademarks – and without authorization from Patagonia – Patagonia is informed and believes that the Defendant has promoted, distributed, offered, and sold apparel products, bearing one or more identical or substantially indistinguishable imitations of Patagonia's federally registered marks (the "Counterfeit Products"), and that Defendant continues to promote, distribute, offer, and sell such Counterfeit Products.  Representative images of these Counterfeit Products follow.

/ / /

/ / /

/ / /





14.   Based on the Counterfeit Products themselves, and on Defendant's method of advertising such products under the Patagonia brand (see screenshot below), Defendant engaged in the conduct described in this Complaint with knowledge of Patagonia's rights in the PATAGONIA trademarks, rendering such conduct knowing, willful, intentional, and/or malicious.

15.   Defendant promotes, distributes, offers, and sells the Counterfeit Products using social media, including Facebook user accounts or Facebook Groups. Defendant posts messages to those social media accounts announcing that she has received inventory, and solicits orders and offers from other social media users. Defendant communicates with her customers about orders, payment and delivery

COMPLAINT
CASE NO. 2:23-cv-04038

through those social media accounts.  Representative images of Defendant's social media conversations related to the Counterfeit Products follow.





16.   The Counterfeit Products that are manufactured, distributed, offered for sale, and sold by or at the direction of Defendant have not been licensed, authorized, sponsored, endorsed, or approved by Patagonia.  Defendant is not associated, affiliated, or connected with Patagonia, or licensed, authorized, sponsored, endorsed, or approved by Patagonia in any way.

17.   The Counterfeit Products are visually identical to and compete with goods sold by Patagonia, and the parties' respective goods are sold through similar and overlapping channels of trade.  The Counterfeit Products, however, are of a

COMPLAINT
CASE NO. 2:23-cv-04038

vastly inferior quality to Patagonia's genuine apparel products, causing further harm to Patagonia, its reputation and goodwill, and the PATAGONIA trademarks.

18.     Defendant's copying of Patagonia's copyrighted P-6 logo violates Patagonia's rights in the design, and has caused damage to Patagonia.

19.     Defendant's wholesale copying of Patagonia's trademarks is likely to deceive, confuse, and mislead actual and prospective consumers regarding the source of the Counterfeit Products, including whether the Counterfeit Products are genuine Patagonia products, and/or whether Patagonia has sponsored, authorized, or is somehow affiliated with Defendant.  Such consumers are likely to be deceived, confused, and misled before, during and after purchase.  Patagonia, consequently, has no alternative but to protect its goodwill and famous trademarks by obtaining an injunction against Defendant's further promotion, distribution, offer, and sale of the Counterfeit Products.

20.     Patagonia is informed and believes that Defendant has sourced, marketed, and sold substantial quantities of the Counterfeit Products, and has obtained and continues to profit from such sales.

21.  Defendant's actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate.  Unless Defendant is restrained by this Court, Defendant will continue expanding her illegal activities and otherwise continue to cause irreparable damage and injury to Patagonia by, among other things:

    a.     Depriving Patagonia of its statutory rights to use and control use of its trademark;

    b.     Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

    c.     Causing the public falsely to associate Patagonia with Defendant and/or her products;

COMPLAINT
CASE NO. 2:23-cv-04038

d.    Causing the public falsely to believe Patagonia has collaborated with Defendant, entered a co-branding relationship with Defendant, or is otherwise associated with Defendant and/or her products;

e.    Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA trademarks to differentiate its products from those of its competitors;

f.    Causing incalculable and irreparable damage to Patagonia's licensing and collaboration programs, and to Patagonia's ability to control its brand partnerships and to associate itself with entities who are specifically aligned to Patagonia's company mission; and

g.    Causing Patagonia to lose sales of its genuine PATAGONIA products.

22.   Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against Defendant.

## FIRST CLAIM

## FEDERAL TRADEMARK COUNTERFEITING

### (15 U.S.C. §§ 1114-1117)

23.   Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 22 of this Complaint.

24.   Defendant has used in commerce marks that are identical to, or substantially indistinguishable from, the federally registered PATAGONIA trademarks, in connection with goods falling within the scope of Plaintiffs' federal registrations.

25.   Defendant's actions demonstrate an intentional, willful, and malicious intent to counterfeit the federally registered Patagonia's trademarks in violation of 15 U.S.C. § 1116(d).

26.   Because Defendant has caused, and is likely to continue causing, substantial injury to the public and to Patagonia for which Patagonia has no

adequate remedy at law; because this is an exceptional case; and as a direct and proximate result of Defendant's conduct, Patagonia is entitled to statutory damages and reasonable attorneys' fees under 15 U.S.C. § 1117(c), as well as seizure of the counterfeit goods under 15 U.S.C. § 1116.

27. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop promoting, distributing, offering, and selling the Counterfeit Products, and any other mark or design similar to the PATAGONIA trademarks.

## SECOND CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

## (15 U.S.C. §§ 1114-1117)

28. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 27 of this Complaint.

29. Defendant has used, in connection with the sale, offering for sale, distribution, or advertising of her Counterfeit Products, words and symbols that infringe upon Patagonia's PATAGONIA trademarks.

30. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

31. As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover Defendant's unlawful profits and Patagonia's damages, and treble the amount of its damages and Defendant's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

32. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop promoting, distributing, offering, and selling the Counterfeit Products, and any other mark or design similar to the PATAGONIA trademarks.

/ / /

COMPLAINT
CASE NO. 2:23-cv-04038

## THIRD CLAIM

### FEDERAL UNFAIR COMPETITION

**(False Designation of Origin and False Description – 15 U.S.C. § 1125(a))**

33. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 32 of this Complaint.

34. Defendant's conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the Counterfeit Products, within the meaning of 15 U.S.C. § 1125(a)(1).  Defendant's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the Counterfeit Products to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

35. As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

36. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop promoting, distributing, offering, and selling the Counterfeit Products, and any other mark or design similar to the PATAGONIA trademarks.

## FOURTH CLAIM

### FEDERAL DILUTION OF FAMOUS MARK

**(Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))**

37. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 36 of this Complaint.

38. Patagonia's PATAGONIA trademarks (including the P-6 logo) are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were famous prior to Defendant's adoption of the Counterfeit Products.

39. Defendant's conduct is likely to cause dilution of Patagonia's

COMPLAINT
CASE NO. 2:23-cv-04038

- 13 -

PATAGONIA trademark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

40.  As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages, and an award of attorney's fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

41.  Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c) that requires Defendant to stop promoting, distributing, offering, and selling the Counterfeit Products, and any other mark or design similar to the PATAGONIA trademarks.

## FIFTH CLAIM

## FEDERAL COPYRIGHT INFRINGEMENT

### (17 U.S.C. §§ 101, *et seq.*, and 17 U.S.C. §§ 501, *et seq.*)

42.  Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 41 of this Complaint.

43.  Patagonia owns the copyright in its P-6 logo, which is federally registered and was registered prior to Defendant's copying.

44.  Defendant has copied, advertised, offered for sale, and/or sold substantially similar copies of the P-6 logo without Patagonia's authorization or permission and in violation of Patagonia's exclusive rights in its copyright.

45.  Defendant's unlawful reproduction, advertisement, distribution, and/or sale of Patagonia's proprietary design constitutes copyright infringement.  Patagonia alleges that Defendant acted intentionally and in bad faith when it reproduced Patagonia's copyrighted work (in identical or substantially similar form), and advertised, distributed, displayed, and/or sold the Counterfeit Products.

46.  Defendant's infringement alleged herein has caused and, if not enjoined, will continue to cause Patagonia to suffer irreparable harm for which there is no adequate remedy at law, and has also caused damage to Patagonia in an amount

which cannot be accurately computed at this time but will be proven at trial.

47. As a direct and proximate result of Defendant's conduct, Patagonia is entitled to injunctive relief, as well as actual damages and any profits earned by Defendant as a result of her infringements, or statutory damages of up to $150,000 for each work infringed, at Patagonia's election, pursuant to 17 U.S.C. § 504.

## SIXTH CLAIM

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### UNDER CALIFORNIA STATUTORY LAW
**(Cal. Bus. & Prof. Code §§ 14200 *et seq.*; Cal. Bus. & Prof. Code § 17200 *et seq.*)**

48. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 47 of this Complaint.

49. Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.

50. Defendant has infringed upon Patagonia's PATAGONIA trademarks without the consent of Patagonia and in connection with the sale, offering for sale, distribution, or advertising of her Counterfeit Products.

51. Defendant's infringement of Patagonia's PATAGONIA trademarks is likely to cause confusion, mistake, and deception as to the source of the origin of Defendant's offerings.

52. Defendant uses the Counterfeit Products to enhance the commercial value of Defendant's offerings.

53. Defendant's acts violate Patagonia's trademark rights under California Business & Professions Code §§14245 *et seq*.

54. Defendant's conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business &

Professions Code §§ 17200 *et seq*.

55. Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from selling the Counterfeit Products, or any other products bearing a mark or design that is likely to be confused with the PATAGONIA trademarks.

56. Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks. Patagonia has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

57. Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Defendant' unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.

58. Because Defendant's conduct has been undertaken willfully, intentionally, and in reckless disregard of the possible injurious consequences, Patagonia is entitled to exemplary or punitive damages under Cal. Civ. Code § 3294.

## SEVENTH CLAIM

## TRADEMARK DILUTION UNDER CALIFORNIA LAW

### (Cal. Bus. & Prof. Code § 14247)

59. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 58 of this Complaint.

60. Patagonia owns valid and protectable rights in its PATAGONIA trademarks (including the P-6 logo).

61. The PATAGONIA trademarks—registered marks in the state of California—are distinctive and famous within the meaning of the California Model State Trademark Law, Cal. Bus. & Prof. Code § 14247, in that it is a household brand in California, and were famous prior to Defendant's use of the Counterfeit

COMPLAINT
CASE NO. 2:23-cv-04038

Products.

62. Defendant's acts are likely to dilute the distinctive quality of the PATAGONIA trademarks. Defendant's acts therefore constitute trademark dilution under California Business & Professions Code **§** 14247, the analogous statutes of other states, and under California common law.

63. Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from using the Counterfeit Products, and any other mark or design similar to the PATAGONIA trademarks. Without injunctive relief, Patagonia has no means by which to control the continuing dilution of the PATAGONIA trademarks. Patagonia has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Patagonia for such harm.

64. Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Defendant's unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.

65. Because Defendant's conduct has been undertaken willfully, intentionally, and in reckless disregard of the possible injurious consequences, Patagonia is entitled to exemplary or punitive damages under Cal. Civ. Code § 3294.

### EIGHTH CLAIM

### TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

66. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 65 of this Complaint.

67. Patagonia owns valid and protectable rights in its PATAGONIA trademarks at common law.

68. Defendant's conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of goods offered by Defendant, or as to affiliation, connection, association, sponsorship, or approval of such goods and services, and

constitutes infringement of Patagonia's PATAGONIA trademarks at common law.

69. Defendant infringed Patagonia's PATAGONIA trademarks with knowledge and intent to cause confusion, mistake, or deception.

70. Defendant's conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of Patagonia for which California law allows the imposition of exemplary damages.

71. As a direct and proximate result of Defendant's activities, Patagonia has suffered substantial damage.

72. Unless restrained and enjoined, the conduct of Defendant will further impair the value of the PATAGONIA trademarks and Patagonia's business reputation and goodwill. Patagonia has no adequate remedy at law.

73. Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from using the Counterfeit Products, and any other mark or design similar to the PATAGONIA trademarks.

74. Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks. Patagonia has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

75. Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys' fees and compensatory and punitive damages (see Cal. Civ. Code § 3294).

## PRAYER FOR JUDGMENT

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1. Adjudge that Defendant has promoted, distributed, offered and sold products bearing counterfeit reproductions of Patagonia's federally registered trademarks;

2. Adjudge that Defendant has infringed the PATAGONIA trademarks in

violation of Patagonia's rights under 15 U.S.C. § 1114;

3.      Adjudge that Defendant has infringed the PATAGONIA trademarks in violation of California statutory law;

4.      Adjudge that Defendant has infringed Patagonia's common law rights in the PATAGONIA trademarks;

5.      Adjudge that Defendant has competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

6.      Adjudge that Defendant has competed unfairly with Patagonia in violation of California statutory law;

7.      Adjudge that Defendant's activities are likely to dilute Patagonia's famous PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1125(c) and/or California law;

8.      Adjudge that Defendant has infringed Patagonia's copyright rights in its P-6 design;

9.      Adjudge that Defendant and her agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.      Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that bear reproductions or so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, any product or service that bears the Counterfeit Products, or any other approximation of Patagonia's trademarks;

b.      Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display

COMPLAINT
CASE NO. 2:23-cv-04038

any words or symbols that so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia;

c. Using any word, term, name, symbol, device, or combination that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendant or her products with Patagonia, or as to the origin of Defendant's goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising, or likely dilution of the PATAGONIA trademarks;

d. Further infringing the rights of Patagonia in and to its PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business reputation;

e. Further diluting the famous PATAGONIA trademarks;

f. Otherwise competing unfairly with Patagonia in any manner;

g. Further infringing Patagonia's copyright rights in its P-6 logo design, including by reproducing, distributing, or displaying such logo or any other logo or design that is substantially similar to the P-6 logo; and

h. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

10. Adjudge that Defendant is prohibited from applying to register any trademark or service mark which is likely to be confused with, or that dilutes the distinctive quality of, Patagonia's PATAGONIA trademarks;

11. Adjudge that Defendant be required immediately to deliver to Patagonia's counsel her entire inventory of counterfeit and infringing products, including without limitation, patches and any other products, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices, files, data, and other material for producing or printing such items, that are in her possession or subject to her control and that infringe Patagonia's trademarks as

COMPLAINT
CASE NO. 2:23-cv-04038

- 20 -

alleged in this Complaint;

12.     Adjudge that Defendant, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which they have complied with the judgment;

13.     Adjudge that Patagonia recover from Defendant its damages and lost profits, and Defendant's profits in an amount to be proven at trial;

14.     Adjudge that Defendant be required to account for any profits that are attributable to her illegal acts, and that Patagonia be awarded (1) Defendant' profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

15.     Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

16.     Adjudge that Patagonia recover from Defendant its damages based on Defendant's copyright infringement, or statutory damages at Patagonia's election;

17.     Adjudge that Patagonia recover punitive or exemplary damages from Defendant based on Defendant's conduct done willfully, intentionally, and in reckless disregard of its possible injurious consequences.

18.     Order an accounting of and impose a constructive trust on all of Defendant's funds and assets that arise out of its infringing, dilutive activities;

19.     Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

20.     Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

/ / /

/ / /

/ / /

COMPLAINT
CASE NO. 2:23-cv-04038

DATED:  May 24, 2023

Respectfully submitted,

VERSO LAW GROUP LLP


By:   */s/ Ryan Bricker*
            GREGORY S. GILCHRIST
            AMY SHAHAN PARIGI
            RYAN BRICKER
            PAYMANEH PARHAMI

Attorneys for Plaintiff
PATAGONIA, INC.

# **DEMAND FOR JURY TRIAL**

Patagonia, Inc. demands that this action be tried to a jury.

DATED:  May 24, 2023                Respectfully submitted,

VERSO LAW GROUP LLP


By:   */s/ Ryan Bricker*
         RYAN BRICKER

Attorneys for Plaintiff
PATAGONIA, INC.